IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CRUMP, ) | |
| ) | |
| Plaintiff(s), ) | No. C 05-4950 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| LARRY WARD, ) | (Doc # 2) |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at San Quentin State Prison and a frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 seeking an order compelling prison officials to provide him with the Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison so that he can submit it to the court along with the other components of the court's Prisoner's Application to Proceed In Forma Pauperis. Plaintiff claims that the current practice of prison officials sending the certificates separately to the court unnecessarily delays the court's processing of his cases. Plaintiff also seeks damages and leave to proceed in forma pauperis.

Plaintiff's action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). The attachments to the complaint show that prison officials have instituted a policy of not giving the certified statement to inmates directly in order to protect the integrity of the certification

1   process. Instead, inmates must provide the trust account office with a completed
2   in forma pauperis application and, within 10 days, the trust office provides the
3   statement to the inmate to be placed in his legal mailing to the court in view of
4   prison officials. The adopted policy does not create an impediment or delay so
5   substantial as to implicate an inmate's constitutional right of access to the courts.
6   This court will heed the Supreme Court's advice and, in the absence of substantial
7   evidence to the contrary, defer to prison officials' judgment regarding prison
8   administration. See Turner v. Safley, 482 U.S. 78, 86 (1987); see also Wright v.
9   Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing
10  themselves in minutiae of prison operations in name of constitution),

11         For the foregoing reasons, plaintiff's request to proceed in forma pauperis
12  (doc # 2) is DENIED and the complaint is DISMISSED under the authority of 28
13  U.S.C. § 1915A(b).

14         The clerk shall enter judgment in accordance with this order, terminate all
15  pending motions as moot, and close the file. No fee is due.

16  SO ORDERED.

17  DATED:  December 08, 2005

           CHARLES R. BREYER
18         United States District Judge

2